IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEROME L. GRIMES,                         No. C 13-0480 CW (PR)

        Petitioner,                       ORDER OF DISMISSAL
                                          WITHOUT PREJUDICE AND
    v.                                    DENYING LEAVE TO
                                          PROCEED IN FORMA
SUPERIOR COURT,                           PAUPERIS

        Respondent.

_____/

Petitioner Jerome L. Grimes has been found incompetent to stand trial and currently is incarcerated at Napa State Hospital.

This is the third pro se habeas corpus action Petitioner has filed in this court concerning his ongoing state criminal proceedings.  In his first petition, he claimed that the judge presiding over his criminal proceedings had not allowed him to represent himself in propria persona after finding him incompetent to stand trial, in violation of his rights under Faretta v. California, 422 U.S. 806 (1975).  He asked this Court to intervene in his ongoing state proceedings.  The Court dismissed the petition without prejudice on abstention grounds.  See Grimes v. Wong, No. C 12-5698 CW (PR).

In his second petition, he indicated that he had pursued his Faretta claim all the way to the California Supreme Court and renewed his request that this Court review the merit of that claim.  The Court again declined to do so on abstention grounds. See Grimes v. Wong, No C 12-5989 CW (PR).

In the present petition, Petitioner informs the Court that

after he was found incompetent to stand trial on October 15, 2012, he was transferred to Napa State Hospital on November 12, 2012, for a period of thirty to sixty days to participate in the "Court Trial Competency Program." Pet. at 2. He again attempts to challenge the denial of his Faretta motion and the ruling that he is incompetent to stand trial. He states that he has exhausted his state remedies with respect to these claims, and has attached to his petition a copy of an order filed by the California Supreme Court on January 18, 2013, that transfers Petitioner's state habeas petition to the California Court of Appeal to consider in the first instance. Pet. Attach. 1. He also has attached an order filed by the California Court of Appeal on January 24, 2013, that dismisses the transferred petition as "substantially identical" to prior petitions denied by that court. Pet. Attach. 2.

The present petition is subject to dismissal for the same reasons explained in the Court's prior orders. Although Petitioner has been found incompetent to stand trial at this time, his state criminal proceedings are ongoing. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. See id. at 53-54 (holding that the cost, anxiety and inconvenience of a criminal defense are not the kind of special circumstances or irreparable harm that would justify federal court intervention). Abstention may be inappropriate in the extraordinary circumstance that the

United States District Court
For the Northern District of California

party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief.  See Mockaitis v. Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44).

In the present case, Petitioner clearly disagrees with the state court's decision to deny his Faretta motion and find him incompetent to stand trial.  At this stage of Petitioner's criminal proceedings, however, the state court system provides him with adequate means to raise his legal challenges.

The Court will not intervene in Petitioner's ongoing state proceedings until they have concluded and he has exhausted his state judicial remedies.[1]  Accordingly, this action is DISMISSED without prejudice.

Leave to proceed in forma pauperis is DENIED.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 2/28/2013

CLAUDIA WILKEN
United States District Judge

---

[1] Petitioner maintains he exhausted state remedies because his petition was rejected by the California Supreme Court.  The exhaustion requirement is not met, however, when a claim is raised by a procedural method which makes it unlikely that the claim will be considered on the merits.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  As noted, the California Supreme Court transferred the petition to the California Court of Appeal to review in the first instance; this suggests that the petition was presented to the California Supreme Court by an improper procedural method.  Moreover, even if the claims are exhausted, the present petition remains subject to dismissal on abstention grounds.